**In re MID–STATE PLATING COMPANY, Debtor.**

**MID–STATE PLATING COMPANY, Appellant,**

v.

**The PEOPLES BANK AND TRUST COMPANY, etc., Appellee.**

Civ. A. No. 3:87–0751.

Bankruptcy No. 381–03331.

United States District Court,
M.D. Tennessee, Nashville Division.

May 24, 1988.

Angus Gillis, III, Nashville, Tenn., for appellant.

Russell H. Hippe, Jr., Nashville, Tenn., for appellee.

## MEMORANDUM AND ORDERS

NEESE, Senior District Judge.

This appeal from action of the Bankruptcy Court of this District implicates a certain secured promissory note made by the appellant Mid–State Plating Company (Mid–State) to the First American National Bank (American), which was assigned subsequently to Metro Center Development Corporation (Center), and thereafter was pledged as collateral by the Center to The Peoples Bank and Trust Company of Dover (Bank), the current holder of the note in due course, to secure a loan for a short term made by the Bank to the Center. Mid–State concedes its obligation under the provisions of such secured promissory note.

However, Mid–State claims it has a right of set-off against such obligation by way of monetary damages it claims it sustained as the proximate result of an alleged breach by the Center of its purported agreement with Mid–State, whereunder Mid–State had contracted to close the sale of the real property given to American as such security and to deliver to Mid–State its aforementioned note to American.

Our Bankruptcy Court disallowed Mid–State's motion for a new trial, apparently upon its factual finding and legal conclusion that no enforceable breach occurred in such contract between the Center and Mid–State. Nevertheless, the burden of Mid–State's brief is addressed principally to the issues of the mutuality of the parties and whether a set-off is assertable herein against the Center, as an intermediate holder of the promissory note in question.

The appellant Mid–State will file within 15 days herefrom a supplemental brief with authorities, demonstrating more clearly from the record any manner in which the Center is claimed to have breached any agreement with Mid–State, which was timely under the principles of set-off. Unless waived thereafter, the Center may supple-

ment its representations to the Court responsively thereto.

All other matters hereby are

RESERVED.